IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

TINISHA TOLBERT, on behalf of her minor children, CAYLEE MOORE and CHANDLER MOORE,
Plaintiffs,

v.

THE SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA, EUGINA FEAMAN, KAREN WHETSELL, KIM DOYLE, GABRIELLE CHACON, and KEVIN MCCORMICK,
Defendants.

Case No.: _____

FILED BY ___ſ(϶___ D.C.

MAY 05 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## COMPLAINT

This is a civil action brought under the Individuals with Disabilities Education Act (IDEA), Section 504 of the Rehabilitation Act of 1973, Title II of the Americans with Disabilities Act (ADA), Title IX of the Education Amendments of 1972, and Florida common law. Plaintiffs, through their parent Tinisha Tolbert, seek redress for systemic discrimination, retaliation, denial of appropriate educational supports, invasion of privacy, emotional harm, and failure to safeguard their rights.

## JURISDICTION AND VENUE

Jurisdiction is proper under 28 U.S.C. § 1331 (federal question jurisdiction), 20 U.S.C. § 1415(i)(2)(A) (IDEA), 29 U.S.C. § 794 (Section 504), and 42 U.S.C. § 12132 (ADA). Venue is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims occurred in Palm Beach County, Florida.

## PARTIES

Plaintiffs:

- Tinisha Tolbert is the parent and legal guardian of minor children Caylee Moore and Chandler Moore, residents of Palm Beach County, Florida.

Defendants:

- The School Board of Palm Beach County, Florida is a public entity.

- Dr. Feaman, Principal, Emerald Cove Middle School.

- Kim Doyle, ADA/Section 504 Coordinator for Students.

- Gabrielle Chacon, General Education Teacher, Palm Beach Central High School.

- Karen Whetsell, Central Region Instructional Superintendent.

- Kevin McCormick, Executive Director of Exceptional Student Education.

All Defendants are sued individually and in their official capacities.

### FACTS RELATING TO KEVIN MCCORMICK

Kevin McCormick, as the Executive Director of Exceptional Student Education for Palm Beach County Schools, is tasked with ensuring the lawful development, oversight, and enforcement of special education services and supports under IDEA and Section 504. Despite numerous grievances and detailed complaints brought to his attention, Mr. McCormick failed to ensure accountability or compliance within the ESE department.

Rather than enforcing lawful compliance, Mr. McCormick used vague terminology such as 'best practice' to avoid mandated services and misrepresented case law to delay or deny accommodations. He demanded medical records for already documented disabilities in violation of federal protections, and cultivated a culture where disability rights were treated as discretionary. Under his leadership, the ESE staff remained poorly trained, and retaliation against students and families who advocated for services was widespread and unaddressed.

### FACTS RELATED TO EUGINA SMITH FEAMAN:

Failed to investigate the unauthorized release of Plaintiff's contact information.

Employed excessive and discriminatory disciplinary practices.

Did not address or remove Plaintiff's child from teachers who were retaliating.

Failed to ensure staff implemented IEP accommodations.

### FACTS RELATED TO KIM DOYLE:

Conducted a biased investigation by selectively using excerpts from communications.

Disregarded critical context and documentation provided by the Plaintiff.

FACTS RELATED TO GABRIELLE CHACON:

Retaliated against Plaintiff's son for advocating for his accommodations.

Made humiliating and inappropriate remarks, leading to emotional distress.

### FACTS RELATED TO KAREN WhETSELL:

Failed to investigate grievances.

Offered alternative schooling options without properly addressing complaints.

Did not hold staff accountable for implementing IEP accommodations.

## CAUSES OF ACTION

Count I – Violation of IDEA (Caylee Moore)

Count II – Violation of Section 504 of the Rehabilitation Act (Both Children)

Count III – Violation of the Americans with Disabilities Act (Both Children)

Count IV – Intentional Infliction of Emotional Distress (Both Children)

Count V – Invasion of Privacy (Both Children)

Count VI – Violation of Title IX (Failure to Investigate Sexual Harassment – Caylee Moore)

Count VII – Negligent Disclosure of Private Information (Tinisha Tolbert)

Count VIII – Defamation (Chandler Moore)

Count IX – Violation of Child Find Obligations under IDEA (Both Children)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against all Defendants, jointly and severally, and award the following relief:

1. Declaratory judgment that Defendants violated Plaintiffs' rights under IDEA, Section 504, ADA, Title IX, and Florida law;

2. Compensatory damages for emotional distress, reputational harm, and psychological trauma experienced by Caylee Moore and Chandler Moore;

3. Compensatory education and services for both children to remedy the denial of FAPE and related supports;

4. Injunctive relief requiring the School Board to implement policy reforms, conduct staff training, and ensure appropriate oversight of accommodations, investigations, and student protections;

5. Punitive damages where applicable under state law (e.g., defamation, intentional infliction of emotional distress);

6. Reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) and 42 U.S.C. § 12205;

7. Any other relief this Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand trial by jury on all claims so triable.

Respectfully submitted,

Tinisha Tolbert
7110 Okeechobee Blvd Apt. 6413
West Palm Beach, FL 33411
Phone: 561-356-5007
Email: tinishaetolbert@gmail.com
Date: May 2, 2025