UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  25-cv-80544-REINHART

TINISHA TOLBERT,
*on behalf of her minor children C.M. and C.M.*,

                Plaintiffs,

vs.

THE SCHOOL BOARD OF PALM BEACH COUNTY, FL, et al.,

                Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF No. 12)
AND DENYING PLAINTIFF'S
MOTION LEAVE TO AMEND (ECF Nos. 14)[1]**

Pro Se Plaintiff, Tinisha Tolbert, initiated this action on behalf of her two minor children against the Palm Beach County School Board and five of its employees.  ECF No. 1.  Ms. Tolbert alleges eight causes of action on behalf of her children, and one cause of action for negligent disclosure of private information on her own behalf, even though she is not a named Plaintiff.[2]

---

[1] Pursuant to Administrative Order 2025-11, I am disposing of these matters by Final Order because both parties have been advised of their right to opt-out of magistrate judge jurisdiction and neither has objected or sought reassignment to a District Judge in a timely manner.  Plaintiff's belated attempt to have a District Judge preside over this matter (ECF No. 23) was filed two months after the deadline for her to seek reassignment.  ECF No. 7.

[2] The Complaint alleges two counts of violating the Individuals with Disabilities Education Act (IDEA); violations of Section 504 of the Rehabilitation Act, Title II of

The Complaint is sparse with barely any facts alleged.  Ms. Tolbert only states that Defendant Kevin McCormick is the Executive Director of Exceptional Student Education (ESE) for Palm Beach County Schools and that despite receiving "numerous grievances and detailed complaints" he "failed to ensure accountability or compliance within the ESE department."  ECF No. 1 at 2.  According to the Complaint, Mr. McCormick endeavored to "delay or deny accommodations [by] demand[ing] medical records for already documented disabilities" and he "cultivated a culture where disability rights were treated as discretionary." *Id*. "Under his leadership, the ESE staff remained poorly trained, and retaliation against students and families who advocated for services was widespread and unaddressed." *Id*.  The allegations against the remaining four individual Defendants are similarly vague, claiming that they ignored unspecified documentation, employed unspecified discriminatory disciplinary practices, retaliated in unspecified ways against Plaintiff's children when they advocated for unspecified accommodations, and failed to investigate unspecified grievances.  *Id*.

Defendants moved to dismiss the Complaint under Rule 12(b)(6) for failure to state a claim, noting that the Complaint "provides absolutely no details and alleges no facts" to support the causes of action listed.  ECF No. 12.  Indeed, Ms. Tolbert "does not even allege that [her children] are qualified individuals with disabilities, much

---

the Americans with Disabilities Act (ADA), and Title IX; as well as intentional infliction of emotional distress, invasion of privacy, and defamation.

less offer any factual allegations detailing how they were discriminated against, when such discrimination occurred, how they were denied access to the benefits of services offered by the School Board, or any facts from which the Court could infer intentional discrimination or deliberate indifference." ECF No. 16 at 3.  Defendants also argue that it was impermissible for Ms. Tolbert to represent her children as a pro se litigant and that the claims against the school district employees in their individual capacities are improperly pled because the claimed misconduct occurred within the scope of their employment.  ECF No. 12.

Before briefing on Defendants' motion to dismiss was complete, Ms. Tolbert filed a motion for leave to file an Amended Complaint.  ECF No. 14.[3]  In the proposed pleading, Ms. Tolbert names herself as a Plaintiff (in addition to her children) and raises a new cause of action under the Family Educational Rights and Privacy Act (FERPA) for the alleged unauthorized release of her private contact information. ECF No. 14.  Ms. Tolbert also raises a new cause of action under the McKinney-Vento Homeless Assistance Act.

The proposed Amended Complaint alleges additional facts: Ms. Tolbert's son was "bullied by a female student" and then labeled as a "boy who likes to hit girls" by an assistant principal, who does not appear to be a named Defendant.  ECF No. 14-1

---

[3] Ms. Tolbert erroneously captioned her motion as seeking leave to file a Second Amended Complaint, but this would be the first amendment.

at 2, 4. This narrative was perpetuated by a high school teacher, Defendant Gabrielle Chacon, who allegedly repeated the claim to other students, thereby causing severe emotional distress. *Id*. The proposed Amended Complaint also alleges that Ms. Tolbert's daughter, who receives ESE services "was harassed by her science teacher for refusing to drink from the classroom sink." When she requested a class change, "the school threatened [her] with attendance violations." *Id*. The proposed pleading claims that in 2024, the middle school staff "unlawfully disclosed Plaintiff's private contact information to another parent without her written consent," purportedly in violation of FERPA. *Id*. At the end of the proposed pleading, an additional paragraph states that at an unspecified time, the principal of the elementary school (who does not appear to be a named Defendant) stated that she would not enroll Ms. Tolbert's children at the school in "a direct violation of their rights under the McKinney-Vento Homeless Assistance Act." *Id*. at 2, 3, 4.

## DISCUSSION

> Although the Court liberally construes pleadings drafted by *pro se* litigants, this leeway is not unlimited. And despite a litigant's *pro se* status, 'Courts in the Eleventh Circuit have little tolerance for shotgun pleadings' [as] [s]uch pleadings violate Federal Rules of Civil Procedure 8(a)(2) and 10(b) . . .

*Polo v. Bernstein*, No. 23-21684-CIV, 2023 WL 3303614, at *1 (S.D. Fla. May 8, 2023) (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018)). "Shotgun pleadings violate Rule 8, which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), by 'fail[ing] to one degree or another . . . to give the defendants adequate notice of the claims

4

against them and the grounds upon which each claim rests.'" *Id.* (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)).

Here, as Defendants observe, the Complaint (and proposed Amended Complaint) "fail[] to separate the allegations and corresponding theories of liability into distinct counts . . . [they] do[] not enumerate how the factual narrative supports any, some or all of the claims." ECF No. 19 at 5. I agree and find that Ms. Tolbert's Complaint (and proposed Amended Complaint) contain inadequate facts, commingle conclusory allegations, and do not identify which claims are brought against which Defendant; thus, they constitute shotgun pleadings that do not satisfy the requirements of Rule 8. *See Wexler v. Torres*, No. 6:22-CV-1627-RBD-LHP, 2022 WL 16837229, at *4 (M.D. Fla. Oct. 18, 2022) (citing *Weiland,* 792 F.3d at 1320).

As a separate matter, I find that the Complaint (and proposed Amended Complaint) must be dismissed because the Eleventh Circuit has held that a pro se "non-lawyer parent has no right to represent a child in an action in the child's name." *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 449 (11th Cir. 2008) (citing *Devine v. Indian River County School Bd.*, 121 F.3d 576, 581 (11th Cir. 1997)).[4] *See also Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child)). The reason for the rule "—that parents who are not attorneys

---

[4] *Overruled on other grounds by Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).

may not bring a pro se action on their child's behalf—[is] because it helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents." *Devine*, 121 F.3d at 582. For these reasons, Ms. Tolbert's claims brought on behalf of her minor children must fail and since this deficiency has not been corrected with the proposed amended pleading, an opportunity to file yet another amended Complaint must be denied as futile. *See Patel v. Georgia Dep't BHDD*, 485 F. App'x 982, 982 (11th Cir. 2012) ("Despite the rule that leave to amend should be given freely, the court may deny leave to amend on numerous grounds, including the futility of the amendment.").

As for the FERPA claim, the sole cause of action Ms. Tolbert appears to allege on behalf of herself in the proposed Amended Complaint, the statute does not provide for a private right of action, and so it would also fail. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 287 (2002) ("there is no question that FERPA's nondisclosure provisions fail to confer enforceable rights"). *See also McLaughlin v. Fla. Int'l Univ. Bd. of Trs.*, 533 F. Supp. 3d 1149, 1168 (S.D. Fla. 2021) ("FERPA does not provide a private right of action"), aff'd, No. 21-11453, 2022 WL 1203080 (11th Cir. Apr. 22, 2022).

## CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss (ECF No. 12) is GRANTED and the Complaint is DISMISSED. And, Because Ms. Tolbert's proposed Amended Complaint is also fatally flawed, I find that any amendment would be futile and so her pending motion for leave to amend (ECF No. 14) is DENIED. All

remaining pending motions shall be DENIED AS MOOT and the Clerk of the Court shall ADMINISTRATIVELY CLOSE this case. The denial of Plaintiff's motion for leave to file an amended pleading is without prejudice to her seeking leave by no later than **August 29, 2025,** to file a counseled amended complaint that properly pleads allegations on behalf of her children.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 30th day of July 2025.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE